IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, CHIEF JUDGE

Civil Case No.  06-cv-00460-LTB-PAC

STAT NURSES INTERNATIONAL, INC.,

        Plaintiff,
v.

LITTY JOHN,

        Defendant.
_____

ORDER
_____

        This matter is before me on the Amended Motion of [Defendant] Litty John to Transfer Venue Pursuant to 28 U.S.C. §1404 (**Doc # 18, filed on April 26, 2006**), in which she requests that Plaintiff, Stat Nurses International Inc's ("SNI"), complaint be transferred from this court to the United States District Court for the Central District of California.  Oral arguments would not materially assist me in the determination of this motion.  After consideration of the motion, as well as all related pleadings and exhibits, the motion to transfer is DENIED for the following reasons.

**I. Background**

        SNI is a Delaware corporation that employs and places nurses in hospitals.  Its principal place of business is located in Colorado.  SNI recruited Ms. John, a citizen of India, for employment and placement as an ICU nurse at hospital located in Fountain Valley, California.  Under the terms of the parties' employment agreement, dated March 29, 2006, SNI was to obtain all the necessary immigration work permits and professional certifications to employ Ms. John,

and John was to pass all the exams necessary to work as a registered nurse in California. The agreement was for a fixed term of three years. John's employment with the California hospital was terminated after only five months. The circumstances related to the conclusion of John's employment, including her performance while on the job, are disputed.

SNI's complaint, based on diversity of citizenship, asserts claims seeking relief against John for breach of their employment contract and fraud. Ms. John has filed a counterclaim for intentional infliction of emotional distress, constructive and/or wrongful termination, breach of contract, and conversion.

## II. Law

28 U.S.C. §1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." This statute is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness. *Chrysler Credit Corp. v. Country Chrysler, Inc.,* 928 F.2d 1509, 1516 (10th Cir. 1991) (*quoting Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 2244, 101 L.Ed.2d 22 (1988)). A party seeking a change of venue under 28 U.S.C. §1404(a) must establish that: (1) the action could have been brought in the in the alternate forum; (2) the existing forum is inconvenient; and (3) the interests of justice are better served in the alternate forum. *Wolf v. Gerhard Interiors, Ltd.,* 399 F.Supp.2d 1164, 1166 (D.Colo. 2005) (*citing Chrysler Credit Corp. v. Country Chrysler, supra,* 928 F.2d at 1515).

### III. Forum Selection Clause

As an initial matter, I first address SNI's argument that John cannot overcome the presumption of venue in Colorado, as set forth in the forum selection clause contained in their employment agreement.  SNI refers me to *REO Sales, Inc. v. Prudential Ins. Co. of America*, 925 F.Supp. 1491, 1492 (D.Colo. 1996), which ruled that "when a valid, enforceable forum-selection clause exists, the burden for all practical purposes shifts to the [party opposing it] to demonstrate that the forum clause should not be respected."

The relevant contract provision here provides as follows:

> 11.  <u>Governing Law: Venue</u>.  This Agreement shall be governed and construed in accordance with the laws of the State of **[Colorado]**, without regard to principles of conflicts of law.  Each Party hereby irrevocably and unconditionally consents to submit to the exclusive jurisdiction of the courts of the Colorado and of the United States of America, in each case located in _____ County, for an action, proceeding or investigation in any court, arbitration or before any government authority ("<u>Litigation</u>") arising out of or relating to this agreement and the transactions contemplated hereby (and agrees not to commence any Litigation relating thereto except in such venues).

The emphasis, underlying, and parenthesis represented here, as well as the blank that was apparently not filled in at the time it was signed, are all present in the original contract.

SNI asserts, without analysis or explanation, that the language here should be read that each party "consents to submit to the exclusive jurisdiction of the courts of . . [sic] Colorado."  I interpret this argument to mean that the parties agreed that any related dispute would be litigated in either the state courts of Colorado, or this federal court in located in the state of Colorado.  Thus, SNI's position is that the forum selection clause precludes the proposed alternate venue of a federal court in California.  In contrast, John maintains that the language means that the parties

agreed "to submit to the exclusive jurisdiction of the courts of the Colorado and of the United States of America." Since the County location of those courts was not specified, John's interpretation is that venue is proper in any state court located in any Colorado county and, as relevant here, any federal court in the United States.

Assuming, without deciding, that the forum selection clause at issue only provides for a venue in the state of Colorado – the interpretation advanced by SNI – I agree that John has not overcome her burden to show why the clause should not be enforced. *See Milk N' More, Inc. v. Beavert*, 963 F.2d 1342, 1346 (10th Cir. 1992)(forum selection clauses "are *prima facie* valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances")(*citing M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 10, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972)).

However, when a forum selection clause is deemed to be ambiguous, "the rule in this circuit and others is that the clause must be construed against the drafter." *K & V Scientific Co., Inc. v. Bayerische Motoren Werke Aktiengesellschaft,* 314 F.3d 494, 500 -501 (10th Cir. 2002); *see also Milk 'N' More v. Beavert, supra*, 963 F.2d at 1346 (holding "if there is any ambiguity in the clause [the court] should construe it against the drafter"). The clause here is ambiguous. Because SNI was the drafter it should be construed in favor of John's interpretation that the forum selection clause provides that venue is proper in any federal court – including the proposed alternative forum of the United States Court of the Central District of California. Even under this interpretation, I nonetheless conclude that John has failed to establish that her motion to transfer should be granted, as discussed below.

4

**IV. Transfer Per 28 U.S.C. § 1414(a)**

*A.  Alternative Forum*

Under the first step of assessing a motion to transfer venue pursuant to 28 U.S.C. §1404(a), SNI concedes that jurisdiction of this diversity action would be proper in the requested alternative forum of the United States Court Central District of California. *See e.g. Wolf v. Gerhard Interiors, supra*, 399 F.Supp.2d at 1166.

*B.  Convenience*

My inquiry next proceeds to whether this forum is inconvenient.  When assessing whether the existing forum is inconvenient, I am to consider the following factors:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Chrysler Credit Corp. v. Country Chrysler, supra*, 928 F.2d at 1515.  The "party moving to transfer a case pursuant to §1404(a) bears the burden of establishing that the existing forum is inconvenient."  *Scheidt v. Klein* 956 F.2d 963, 965 (10th Cir. 1992).

Ms. John's primary argument, based on these factors, is that many of the witnesses, as well as herself, reside in central California.   It appears as though most of the underlying conduct related to the case occurred in California.  And, as a result, many of the material witnesses live there.  In her affidavit attached to her reply brief, John avers that she anticipates calling six specific individuals – consisting of her supervisors and co-workers – who reside in California to

testify at any trial in this matter as having direct knowledge of her work performance, attendance and working conditions.

However, John has failed to assert that her witnesses would be unable or unwilling to come to trial here, that their deposition testimony would be unsatisfactory, or that the use of compulsory process would be necessary.  *See United Intern. Holdings, Inc. v. Wharf (Holdings) Ltd.,* 946 F.Supp. 861, 866 (D.Colo. 1996).  Instead, John only asserts that "[i]f [she] cannot compel these witnesses to testify at trial in Colorado, she will effectively be deprived of a meaningful trial."  This assertion is insufficient to constitute witness inavailablity warranting a transfer of venue.  *See Scheidt v. Klein*, *supra*, 956 F.2d at 966 (finding that the movant's "meager showing," which included these considerations, failed to demonstrate the requisite inconvenience to his witnesses)(*quoting ROC, Inc. v. Progress Drillers, Inc.*, 481 F.Supp. 147, 152 (W.D.Okla. 1979)).  In addition, SNI maintains that it will call at least three of its employees, who reside here in Colorado, to testify at trial and  "[s]hifting the inconvenience from defendants to plaintiffs, by itself, is not a permissible justification for granting a motion to transfer venue." *Scheidt v. Klein*, *supra*, 956 F.2d at 966.

John also argues that transfer to California is appropriate based on the fact that California substantive law is applicable to this litigation.  She maintains that under both California and Colorado conflict of law principles, California substantive law governs the parties' contract dispute.  First, John's argument ignores the unambiguous choice of law provision in the parties' agreement which clearly provides that "[t]his Agreement shall be governed and construed in accordance with the laws of the state of **[Colorado]**, without regard to principles of conflicts of law."  SMI concedes that certain of John's counterclaims require the application of California

Labor Code statutes related to her claim for unpaid sick leave and overtime. However, the applicability of California law, under these circumstances, is "not a significant concern in light of the relative simplicity of the legal issues involved." *Id.* at 966 (discussing Florida substantive common law fraud and breach of contract claims to be tried in Oklahoma). In addition, there are no allegations that a venue change would effect the enforceability of any judgment, or any other practical considerations, that would weigh in favor of a transfer here.

Finally, and most importantly, SNI's choice of forum is in this court. "Unless the balance is strongly in favor of the movant, the plaintiff's choice of forum should rarely be disturbed." *Id.* at 965 (citations omitted); *see also Wolf v. Gerhard Interiors, supra*, 399 F.Supp.2d at 1166. "[T]he plaintiff's choice of a proper forum is entitled to great weight, and will not be lightly disturbed, especially where the plaintiff is a resident of the judicial district in which the suit is brought." *Terra Intern., Inc. v. Mississippi Chemical Corp.*, 922 F.Supp. 1334, 1356 (N.D. Iowa, 1996). Therefore, I conclude that John has not meet her burden to demonstrate inconvenience to the level necessitating a transfer.

*C. Interests of Justice*

Finally, I look at the last step for assessing a motion to transfer venue under 28 U.S.C. §1404(a), which is whether the interests of justice are better served in the alternate forum.

Ms. John does not make any specific argument as to how the interests of justice will be better served, except to the extent that she contends it will be inconvenient, as well as expensive, for her to litigate this matter in this court. Her affidavits aver that litigating this matter here would be "unduly burdensome." John further contends that SNI "deliberately availed itself to jurisdiction in California." In support of this argument, John asserts that:

> SNI contracted with [John] to employ her in California.  SNI contracted with a California hospital to place [John] for work.  SNI managers and/or supervisors supervised [John's] work from California, [John's] hospital supervisors and co-workers who are familiar with the facts and issues of this action reside in California.  [John] has never been to Colorado.  At all times since immigrating to the United States [John] has been and continues to be a resident and Citizen of California.  And, most importantly, SNI agreed to submit the jurisdiction of any court in the United States of America.

While such factual allegations may be true, John does not assert that she would somehow receive an unfair trial in this court.  I am unpersuaded by her unsupported claim, made in her reply briefing, that SNI's "sole purpose [for] filing in the District Court in Colorado was to harass and oppress" her.  Therefore, I conclude that Ms. John's allegations do not merit a transfer of venue from this court to the United States District Court for the Central District of California.

Accordingly, it is ORDERED the Amended Motion of Litty John to Transfer Venue Pursuant to 28 U.S.C. §1404 (**Doc # 18**) is DENIED.

Dated:  June   27  , 2006, in Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, CHIEF JUDGE